**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**

_____

**UNITED STATES OF AMERICA,**

                                                               **16-CR-87A**

      **-v-**

**PETER STALLWORTH,**

          **Defendant.**

_____

**DECISION AND ORDER**

This case was referred to the undersigned by the Hon. Richard J. Arcara, in accordance with 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report on dispositive motions.

**PRELIMINARY STATEMENT**

The defendant, Peter Stallworth ("the defendant"), and his co-defendant, Dwayne Posey, are charged with having violated Title 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), 841(b)(1)(C). He has filed an omnibus discovery motion wherein he seeks: (1) "disclosure pursuant to Rule 16;" (2) "disclosure of *Brady* material;" (3) "disclosure pursuant to Rules 404(b), 608 and 609;" (4) "disclosure of or inspection of grand jury minutes;" (5) a "bill of particulars;" (6) "disclosure of identity of informant;" and (7) to reserve "the right to make further and additional motions which may be necessitated by the Court's rulings on the relief sought." Dkt. #46, pp. 4-16, 47-50. The

government has filed its response to these requests and has made a request for reciprocal discovery pursuant to Rule 16(b) of the Fed. R. Crim. P. Dkt. #55, p. 34.

**DISCUSSION AND ANALYSIS**

1.  **Defendant's Request for Rule 16, F. R. Crim. P. Materials**

The defendant has requested production of various documents and tangible objects as well as various scientific reports and laboratory analyses and disclosure of the government's proposed experts in this regard. The defendant has also requested production of any and all statements which the government will attribute to him in the prosecution of this case along with his criminal record and history of prior bad acts.

In response to this request, counsel for the government has stated that he has turned over, or will turn over, or make available for inspection by the defendant, all materials and information to which the defendant is entitled in accordance with the requirements of Rule 16(a)(1) of the Federal Rules of Criminal Procedure. Counsel for the government has also stated that he will comply with the defendant's request for expert testimony pursuant to Rule 16(a)(1)(F) of witnesses who will testify under Rules 702, 703 and 705 F.R.E.. As a result of these representations by counsel for the government, the defendant's request for Rule 16(a)(1) materials is DENIED on the basis that it is moot.

2

## 2. Defendant's Request for Disclosure of Brady Materials

The defendant has made a broad request for any and all materials and/or information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

The government has acknowledged its responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) and subsequent cases. The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Coppa* at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Coppa* at 144. With respect to impeachment

material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 3. Disclosure of Evidence Pursuant to Rules 404(b), 608 and 609

The government has stated that "it intends to use the criminal history of the defendant to the extent permitted by Rule 609 of the F.R.E. to impeach the defendant should he testify at trial" and that it "intends to use evidence of defendant's prior involvement in the distribution of controlled substances including his prior conviction, as evidence pursuant to Rule 404(b)." The government further advises that the defendant "will be notified of such intention and the particulars of such information at such time as the government files its pretrial memorandum with the District Court." (Dkt. #55, pp. 9-11).

Rule 404(b) F.R.E. only requires that "the prosecution . . . provide reasonable notice in advance of trial . . . of the *general* nature of any such evidence it intends to introduce at trial" (emphasis added). This has been done, and as a result, defendant's request on this issue is DENIED as being moot.

The issue of admissibility of such evidence, as raised in the defendant's request, pursuant to Rules 404(b), 608 and 609 FRE is best left to the determination of the trial judge at the time of trial.

Rule 608 F.R.E. does not contain a required pretrial notice as set forth in Rule 404(b). Therefore, there is no requirement on the part of the government to make any disclosure of evidence, or its intent to use evidence at the trial pursuant to Rule 608 at this time. Therefore, defendant's request in this regard is DENIED.

### 4. Defendant's Request for Disclosure of Grand Jury Minutes

The defendant "moves for disclosure of grand jury minutes pursuant to Rule 6(e)(3)(E)(i) and (ii) of the Federal Rules of Criminal Procedure as a ground may exist to dismiss the indictment based on the sufficiency (or lack thereof) of the evidence presented at (sic) the grand jury in this case." Dkt. #46, p. 13, ¶ 17.

It is a long-established rule that "[t]he burden. . . is on the defense to show that 'a particularized need' exists for the minutes [of the grand jury] which outweighs the policy of secrecy." *Pittsburgh Plate Glass Co v. United States*, 360 U.S. 395, 400 (1959). The assertion of the defendant as to his "particularized need" is legally insufficient to require disclosure of the grand jury proceedings as requested by him. It is pointed out that transcripts of grand jury testimony of witnesses called by the government to testify at trial must be made available to the defendant pursuant to and in accordance with the provision of 18 U.S.C. § 3500.

5

It is also pointed out that:

> [A]n indictment valid on its face is not subject to challenge on the ground that the grand jury acted on the basis of inadequate or incompetent evidence.

*United States v. Calandra*, 414 U.S. 338, 345 (1978).

Furthermore,

> An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more.

*Costello v. United States*, 350 U.S. 359, 363 (1956).

Therefore, defendant's request for disclosure of the grand jury proceedings is DENIED.

### 5. Defendant's Demand for a Bill of Particulars

The defendant has moved pursuant to Rule 7(f) of the Fed R. Crim. P. for a bill of particulars containing a detailed description of the times, places and events as well as alleged participants of the conspiracies alleged in Counts 1 and 2 of the Indictment as well as details relating to the substantive counts set forth in the Indictment (Dkt. #10). However, in support of this demand, the defendant merely asserts that the information demanded is necessary: (1) "to inform [him] of the nature of the charges brought against him so that he may adequately prepare his defense;" (2) "to avoid

surprise during trial;" and (3) "to protect him against a second prosecution for an inadequately described offense." Dkt. #46, p. 14, ¶s 21-22.

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charges in Count 1 and 2 of the Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crimes charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th

7

Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d
149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, 2007 WL 4103679 (2d Cir. 2007).

### 6. Defendant's Request for Disclosure of Identity of Informants

The defendant requests disclosure of the identity of an individual referred to as "CSI" and other information relating to that person who is referenced in the March 9, 2016 affidavit of S.A. Gentile submitted to Judge Skretny in support of the application for a Title III Intercept Order. Dkt. #46, p. 43, ¶ 118, 122.

The defendant has failed to sufficiently state a basis for requiring the disclosure of this information. As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the

> defense of an accused, or is essential to the
> fair determination of a cause, the [informant's]
> privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* See *Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); see *United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id.*, and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. See *United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld

> on the ground that the defendant had failed to show that the testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not presented a sufficient basis that would require disclosure of the informant's identity, his motion is DENIED.

### 7. Defendant's Request to Make Further Motions

The defendant seeks the right to make further motions "which may be necessitated by the Court's rulings on the relief sought herein." Dkt. #46, p. 46, ¶ 125.

This request is granted subject to the limitations as contained in the aforesaid quote.

### Government's Request for Reciprocal Discovery

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use. Since the defendant has moved pursuant to Rule

16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

It is hereby **ORDERED** pursuant to 28 U.S.C § 636(b)(1) that:

This Decision and Order be filed with the Clerk of Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Decision and Order in accordance with the above statue, Fed.R.Crim.P. 58(g)(s) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988). **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the

portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

DATED:    March 13, 2018
                Buffalo, New York

                                        *S/ H. Kenneth Schroeder, Jr.*
                                        **H. KENNETH SCHROEDER, JR.**
                                        **United States Magistrate Judge**